Filed 8/4/25  P. v. Feldmeier CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RONALD FELDMEIER,<br><br>    Defendant and Appellant. | F087480<br><br>(Super. Ct. No. BF180042A)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

Martin Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Julie A. Hokans and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Meehan, Acting P. J., Snauffer, J. and Fain, J.[†]

[†]    Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A jury found defendant Ronald Feldmeier guilty of failure to register as a sex offender. He was sentenced to six years in prison. On appeal, defendant argues the trial court did not meet its statutory obligation to consider his mental condition as a contributing factor in the commission of the offense as required under Penal Code section 1170, subdivision (b)(6)(A).[1] We reject defendant's claim and affirm.

## PROCEDURAL BACKGROUND

On September 25, 2023, the Kern County District Attorney filed an amended information charging defendant with failure to register as a sex offender (§ 290.018, subd. (b); count 1). The amended information also alleged the following aggravating factors: defendant's prior convictions are numerous or of increasing seriousness (California Rules of Court,[2] rule 4.421(b)(2)), defendant served a prior prison term (rule 4.421(b)(3)), and defendant was on probation or parole when the crime was committed (rule 4.421(b)(4)). The amended information further alleged that defendant had 20 prior serious or violent felony convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e).)

On October 10, 2023, a jury found defendant guilty as charged. On the same day, a bifurcated court trial[3] was held on the prior convictions, and the trial court found true all prior conviction allegations.

On January 17, 2024, after a motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, the trial court dismissed all but two of defendant's prior felony convictions. The court also found two aggravating factors true, defendant served a

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Undesignated rule references are to the California Rules of Court.

[3]     The parties agreed to waive a jury trial on the prior conviction allegations and the aggravating factors.

prior prison term (rule 4.421(b)(3)) and defendant was on parole when the crime was committed (rule 4.421(b)(4).)

The trial court sentenced defendant to an aggregate term of six years as follows: three years on count 1 (the upper term), doubled because of the prior strikes.

## FACTUAL BACKGROUND

### A. The Prosecution's Case

Defendant was previously convicted of a sex offense that required him to register as a sex offender pursuant to section 290. He was incarcerated for 35 years. In June 2019, before defendant was released from prison, he signed and initialed a "Notice and Conditions of Parole" and special conditions of parole. He also completed a "Notice of Sex Offender Registration Requirement" form, which explained the obligations for sex offender registration. Defendant was required to register as a sex offender within five business days of his release, annually within five days of his birthday, and within five days of any change of address.

Defendant was paroled in September 2019. Once he was released, he filled out another "Notice and Conditions of Parole." On September 23, 2019, a parole officer was assigned to supervise defendant. Defendant's parole officer and another officer both explained to him the terms and conditions of parole. The following day, defendant's parole officer contacted him at his residence and discussed his sex offender registration; he reminded defendant of his obligation to register as a sex offender pursuant to section 290. Defendant said he would register when his sister picked him up. On September 27, 2019, defendant registered as a sex offender at the police department.

On October 24, 2019, defendant's parole officer discussed updating his sex offender registration. Defendant acknowledged and indicated he understood the

3.

requirement to register again because he recently had a birthday.[4] Defendant went to the police department alone and updated his registration as a sex offender the same day.

On October 28, 2019, defendant went to the parole office to update paperwork. Defendant initialed and signed another "Notice and Conditions of Parole" and special conditions of parole. His parole officer reviewed the document with him, including the condition regarding the requirement to register as a sex offender. Defendant stated he understood his requirement to register.

On December 22, 2019, defendant moved to another residence. On December 23, his parole officer talked to him about his new living situation and his new programs. He was also required to update his sex offender registration within five business days of his move, the requirement was noted in his prior two sex offender registration forms.

On January 8, 2020, defendant's parole officer contacted him at the library. Defendant was using a tablet to register for social security, he did not ask his parole officer for help and used the tablet successfully. Defendant's parole officer again saw defendant at a bus stop a few weeks later. Defendant was on his way to a counseling appointment and did not appear lost or confused.

On January 28, 2020, defendant's parole officer learned he was not in compliance with his sex offender registration requirements because he had not updated his registration after he changed his residence. When his parole officer asked about defendant's failure to register, defendant told him he knew he needed to register but forgot because of "memory issues." This was the first time defendant told his parole officer he had memory issues.

From September 2019 to February 14, 2020, defendant did not ask his parole officer for any clarification or assistance with any of the documents he reviewed with

---

[4]     Defendant's birthday is October 20.

4.

him.  Defendant also never appeared confused, and his parole officer had no issues communicating with defendant.

## B. The Defense

Defendant testified on his own behalf.  When defendant was nine years old, he was hit on the right side of the head with a horseshoe stake.  He was hospitalized for about one month and suffered memory impairments.  Approximately three years later, defendant was hit in the right cheek with a piece of shale that left a permanent scar.  Defendant smoked marijuana for approximately five years beginning when he was 17 years old.  Defendant also used LSD for approximately five years beginning when he was 17 years old.

Defendant was placed in custody in 1984 and was incarcerated for 35 years.  While in prison, defendant sustained head injuries and estimated that he lost consciousness approximately 20 times.  At some point in approximately 2017 when defendant was in his 60's, he started noticing a decline in his cognitive abilities.  He was no longer able to do crossword puzzles, he lost the ability to perform schoolwork as well as he used to, and he read slower.  However, defendant continued doing schoolwork.  He passed his driver's license test in 2019 after his release from prison and took college courses until 2023, receiving "A's" in two classes.

After defendant was released from prison, he initially was placed at one facility before moving to another facility.  He did not willfully fail to register as a sex offender; he was not aware of the necessity to register.  Defendant expected his parole officer would tell him to register, however, his parole officer did not inform him of this requirement.

On January 28, 2020, defendant's parole officer came into his living room unannounced and told defendant that he forgot to register as a sex offender.  Defendant was "dumbstruck" and his "jaw dropped."  Defendant's parole officer dropped him off at

5.

the police department so that he could register. Thereafter, defendant was arrested for failing to timely register as a sex offender.

After January 28, 2020, defendant sought assistance from a neurologist and was placed on a daily medication to treat Alzheimer's disease.

A psychologist, Dr. Gary Longwith, performed tests, reviewed defendant's history, and evaluated him in 2023. He concluded that defendant currently suffered from the middle phase of a "Dementia/Alzheimer type." Longwith opined a mild dementing process started in 2017 when defendant first reported having symptoms, however, he relied only on defendant for that date. When defendant told Longwith about his failure to register, he told him he knew about the requirements.

## DISCUSSION

### I.   Section 1170, Subdivision (b)(6)(A)

Defendant argues the trial court abused its discretion by imposing the upper term because it used the wrong legal standard and made no express finding as to whether defendant's mental condition was a "contributing factor" to the commission of the offense under section 1170, subdivision (b)(6)(A). He claims the court did not properly weigh the mitigating factors to determine whether imposition of the lower term would be contrary to the interests of justice. The People argue defendant forfeited his claim, and reaching the merits, there was no abuse of discretion. We agree with the People.

### A. Additional Background

The probation report listed four mitigating circumstances: defendant had a limited record of prior convictions, defendant suffered from a mental condition that significantly reduced culpability for the crime (rule 4.423(b)(2)), an enhancement was based on a prior conviction over five years old (rule 4.423(b)(13)), and defendant's prior performance on probation was satisfactory (rule 4.423(b)(15)).

When discussing defendant's *Romero* motion and his request to strike his prior strikes, the trial court stated, "considering the evidence presented during the trial … to the

extent that … defendant was diagnosed with some kind of dementia or developing some kind of Alzheimer's condition, that did not rise to the level of being any type of legal defense or reduce his conduct in such a way that he would not be found guilty of the crime."

At the sentencing hearing, defense counsel argued in favor of a middle or lower term sentence due to the circumstances of the offense and the fact that the factors in aggravation were cowered by those in mitigation. Defense counsel further stated, "[a]lthough the jury was not able to conclude … that there was such a level of impairment due to institutionalization, Alzheimer's, traumatic brain injury and age, those were all factors … that could be considered … that would mitigate away from the upper term."

The prosecutor argued in favor of the upper term, and pointed out several aggravating factors: defendant served a prior prison term (rule 4.421(b)(3)), defendant was on probation at the time the crime was committed (rule 4.421(b)(4)), defendant's prior convictions as an adult are numerous or of an increasing seriousness (rule 4.421(b)(2)), defendant engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)), and defendant's prior performance on probation was unsatisfactory (rule 4.421(b)(5)). The prosecutor objected to the mitigating factors mentioned by defense counsel and listed in the probation report. The prosecutor mentioned that "the jury did not believe that [defendant's] Alzheimer's played a role in his culpability of the crime and still found him guilty … that should [not] be a mitigating factor [nor should] the age of his prior convictions." The prosecutor further argued, "other than the actual seriousness of the … crime that occurred, there is no mitigating factor." The prosecutor contended the situation indicated defendant had reasoning and a motivation not to register thus warranting imposition of the upper term.

After considering the parties' arguments, probation report, and changes to California's sentencing laws effective 2022, the trial court set forth its reasoning for imposition of the upper term sentence:

> "With regard to circumstances in mitigation, [the court] agree[s] with [the prosecutor] on the first two. [The court] do[es] not find a limited record of prior convictions when the offense was committed. [The court] do[es not] find that was a circumstance in mitigation based on the evidence nor do I find … defendant was suffering from a mental condition to such an extent that it significantly reduced his culpability for the crime.… [The court is] not persuaded … that would significantly reduce his culpability.

> "[The court] find[s] two circumstances in mitigation … an enhancement is based on a prior conviction over five years old; and … defendant's prior performance on felony probation … was satisfactory and that he suffered no known violations.…

> "[The court] find[s] the following circumstances in aggravation … defendant had served a prior prison term … he was on parole when the crime was committed .… [¶] … [¶]

> "In considering the factors both in mitigation and aggravation … the upper term is warranted … I find that in the interest of justice."

There was no objection by either party.

## B. Forfeiture

Before turning to the merits of defendant's challenge, we must decide whether the issue is preserved on appeal. The People argue defendant forfeited his claim for failure to object or otherwise argue at sentencing in favor of the mitigated term under section 1170, subdivision (b)(6)(A). In his reply, defendant maintains any objection by his counsel would have been futile since defense counsel argued in favor of the lower term based on defendant's "mental illness and attendant trauma" at the sentencing hearing.

Generally, "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.) Defendant did not seek the lower term based on section 1170, subdivision (b)(6), or argue that defendant's

psychological trauma was a contributing factor to the commission of the crime. Defendant argues his counsel preserved the issue when he asked the trial court to consider a mitigated term in light of defendant's mental issues, including his Alzheimer's diagnosis and a traumatic brain injury. However, the court considered the arguments and imposed the upper term without objection at the time of sentencing.

Defendant's claim is forfeited. However, we will address the merits of this issue to forestall any later claim of ineffective assistance of counsel. (See *People v. Williams* (1998) 17 Cal.4th 148, 161–162, fn. 6.)

## C. Merits

### 1. Standard of Review

Trial courts have broad sentencing discretion, and we review a trial court's sentencing choices for abuse of discretion. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.) The burden is on the party attacking the sentence to clearly show that the court was unaware of the scope of its discretionary powers or the sentencing decision was irrational or arbitrary. (*People v. Carmony* (2004) 33 Cal.4th 367, 376; *People v. Gaines* (2023) 93 Cal.App.5th 91, 142.) A trial court abuses its discretion by basing its decision on an impermissible consideration or on an incorrect legal standard. (*People v. Knoller* (2007) 41 Cal.4th 139, 156.)

The reviewing court presumes that the trial court acted to achieve legitimate sentencing objectives. (*People v. Superior Court (Alvarez)*, *supra*, 14 Cal.4th at pp. 977–978.) Remand is unnecessary on a silent record. (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1229.) "The decision will be upheld so long as there is a reasonable or even fairly debatable justification under the law for the court's decision." (*People v. Parra Martinez* (2022) 78 Cal.App.5th 317, 322; rule 4.409 [all relevant sentencing factors "will be deemed to have been considered unless the record affirmatively reflects otherwise"].)

9.

## 2. Section 1170, Subdivision (b)(6)(A)

Section 1170, subdivision (b)(6)(A) provides: "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." The mere fact that the defendant has suffered past trauma is insufficient, the plain language of the statute makes clear that the "psychological, physical, or childhood trauma" must be " 'a contributing factor in the commission of the offense' for the low term presumption to apply." (§ 1170, subd. (b)(6)(A); *People v. Knowles* (2024) 105 Cal.App.5th 757, 765; see also *People v. Fredrickson* (2023) 90 Cal.App.5th 984, 991 ["the record must 'affirmatively' show compliance with a statutory sentencing mandate whenever the mandate has been 'trigger[ed]' by an 'initial showing' of the applicability of the statute"].)

## 3. The Trial Court Did Not Abuse Its Discretion

Defendant argues the trial court used the wrong legal standard. He contends the court found only that his mental condition did not "significantly reduce his culpability" rather than the less stringent standard: whether defendant's mental condition was a "contributing factor" in the commission of the offense. Defendant further contends the court abused its discretion because it made no reference to section 1170, subdivision (b)(6)(A) and made no finding pursuant to the statute. The People respond the court understood the scope of its discretion and use of the "significantly reduced" language in response to the probation report's mitigating factors. (See rule 4.423(b)(2) ["The defendant was suffering from a mental or physical condition that significantly reduced culpability for the crime."].) The People have the better argument here.

Considering the entirety of the court's ruling, we find no abuse of discretion on this record.

The rules list "suffering from a mental or physical condition that significantly reduced culpability for the crime" as a mitigating factor. (Rule 4.423(b)(2).) Mental illness may cause a crime without also significantly reducing culpability; thus, not finding mental illness a mitigating factor under rule 4.423(b)(2) does not preclude a separate finding that defendant experienced past psychological, physical, or childhood trauma that was a contributing factor to the crime under section 1170, subdivision (b)(6). (See, e.g., *People v. Frahs* (2020) 9 Cal.5th 618, 638–639 [our high court concluded the defendant was entitled to conditional remand because although the trial court found that the defendant's mental disorder did not significantly reduce his "culpability" for crimes, the court still could have found that mental disorder criteria for pretrial diversion were met, and the court made no finding whether the defendant would pose an unreasonable risk of danger to public safety if treated in the community].)

The trial court concluded defendant was not suffering from a mental condition to such an extent that it significantly reduced his culpability for the crime.[5] However, the court's statement that defendant's mental condition did not "significantly reduce" his culpability for the crime was not related to the court's exercise of discretion under section 1170, subdivision (b)(6). The probation report identified rule 4.423(b)(2) as a possible mitigating factor. The prosecutor also argued that the evidence did not show defendant was suffering from a mental condition that significantly reduced his culpability for the crime and stated rule 4.423(b)(2) should not be considered "a mitigating factor …." The court's finding was in response to the prosecutor's argument and the mitigated circumstances listed in the probation report. This is also demonstrated by the court's comments when it stated that it "agree[d] with [the prosecutor] on the

---

[5] The court did not find rule 4.423(b)(2) a factor in mitigation.

first two" circumstances in mitigation she raised at the sentencing hearing. The record is clear the finding did not apply to the court's exercise of discretion pursuant to section 1170, subdivision (b)(6).

We recognize the trial court did not formally find defendant experienced psychological, physical, or childhood trauma that was a "contributing factor" to the crime or specifically state it considered section 1170, subdivision (b)(6)(A). However, the reason appears to be because the court was not asked to make such a finding. "[A] party cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct." (*People v. Fruits* (2016) 247 Cal.App.4th 188, 208; see also *People v. Weddington* (2016) 246 Cal.App.4th 468, 492 ["[o]n appeal, we presume that the trial court followed established law and thus properly exercised its discretion in sentencing a criminal defendant"].) Prior to sentencing, the court considered all new sentencing laws effective 2022.[6] There is evidence the court was aware of section 1170, subdivision (b)(6)(A) and considered it as a factor in mitigation when sentencing defendant in this case. After considering the circumstances in aggravation and mitigation, the court found the upper term was warranted "in the interest[s] of justice," which is language directly from the statute. (§ 1170, subd. (b)(6).)

Even though the trial court used the "significantly reduced" language at the time of sentencing in response to the probation report and the prosecutor's argument regarding the mitigating factor pursuant to rule 4.423(b)(2), the record here shows the court

---

[6]   Effective January 1, 2022, Assembly Bill No. 124 (2021–2022 Reg. Sess.) amended section 1170, subdivision (b)(6) as follows:  "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:

"(A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."
(§ 1170, subd. (b)(6) & (b)(6)(A).)

12.

understood the scope of its sentencing discretion under section 1170, subdivision (b)(6)(A) and implicitly found defendant's past psychological, physical, or childhood trauma was not a contributing factor to the commission of the crime such that "imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) This finding was supported by the evidence on the record, which failed to show that defendant's failure to register as a sex offender was caused by past psychological, physical, or childhood trauma. (See, e.g., *People v. Fredrickson*, *supra*, 90 Cal.App.5th at p. 993, fn. 7 [the finding of causation is an essential component to the determination as to whether the condition was a contributing factor].)

The record shows the trial court balanced several factors and did not impose defendant's sentence without the exercise of discretion. The court found the presence of multiple aggravating factors and specifically found two factors true, defendant served a prior prison term (rule 4.421(b)(3)) and was on probation at the time the crime was committed (rule 4.421(b)(4)) that justified imposition of the upper term. (§ 1170, subd. (b)(1), (2), (3); rule 4.420(a), (b) [the middle term sentence should not be exceeded unless circumstances in aggravation of the crime justify the imposition of an upper term].) The court also noted mitigating factors, however, it imposed a term greater than the mitigated term based on the aggravating circumstances and in the "interest[s] of justice." This was proper.

We find the trial court knew the relevant law and applied it correctly. Thus, even if defendant did not forfeit his claim of error, it fails on the merits.

## **DISPOSITION**

The judgment is affirmed.

13.